The defendants pleaded to the merits of the action and went to trial thereon, and made no objection on the trial that the complaint did not allege that they resided in the county. By the statute, the court had no jurisdiction unless they did reside in the county. But as this is a question of the jurisdiction of the person, I am inclined to think that, after pleading to the action, issue, trial, verdict and judgment, the defendants cannot now avail *Page 600 
themselves of this objection for the first time. Frees v.Ford (2 Seld., 176), it is true, was on demurrer to the pleas, and the defect in the declaration or complaint in such cases must be one of substance; but the pleas in that suit were, in truth, nothing more than demurrers to the complaint in effect. But the difficulty in this case is, that it does not appear that the county court had jurisdiction of the subject matter; and if it had not, that court could not obtain jurisdiction, even by consent.
The constitution of this state declares that, "the county court shall have such jurisdiction in cases arising in justices' courts, and in special cases, as the legislature may prescribe; but shall have no original civil jurisdiction, except in special cases." (Art. 6, § 14.) Here is a positive interdiction against these courts having original civil jurisdiction, except in special cases. This action, before the Code, was a common law action, and one of the earliest in use; and if the legislature could not give these courts jurisdiction of it before, it is hardly to be supposed that the Code has changed the character of the constitution in this particular; if it have, then all actions since the Code have become "special cases." On the contrary, the Code has divided all remedies into "actions" and "special proceedings." I cannot think that limiting the amount in controversy, and prescribing the class of persons that may become suitors, make the action a special case within the clause under consideration. It is said the legislature has determined what are special cases. But it had no power to make that a special case which was not so when the constitution was adopted. Suits at law do not become special cases merely by calling them so. No doubt the 31st section of the judiciary act embraces this case if the defendants resided in the county of Monroe. But many of the members of the legislature then had doubts, and others thought the section should have been amended by striking out the last part of it, in which is included the action of assault and battery. In truth, however, the views *Page 601 
of individual legislators, or the speeches of members of the convention, do not shed much light upon the subject.
Looking at the language of the clause of the constitution which we have read, and also at art. 14, I think it was not intended to give to these courts any original jurisdiction in common law actions. Perhaps it may be different in equity; for the legislature is authorized to confer upon the county judge equity jurisdiction in special cases. (Art. 6, § 14, subd. 4.) And the range of "special cases" may be greater in equity than at law; what are special cases not being there so well defined as at law. But that question is not now before us. It has been said that "cases," here, is synonymous with "actions." (5 Barb.,
169.) I do not see how the use of the words "special actions" would have obviated the difficulty; but the word "action" was not used, and it does not appear that a judicial proceeding by action was intended. It is said partition stands upon the same ground. This I am not prepared to admit, especially as the law stood in 1847; but if that be so, improperly assuming jurisdiction in another case does not aid the matter.
Suppose the legislature had enacted that one of the parties should be a resident of the state, or of age, and that the sum demanded should not exceed $100,000; if common law actions are to be turned into special cases in this way, can the courts say as matter of law that $2000 is, and $100,000 is not, a special case? Or that residence of all the defendants in the county makes the action a special case, and the residence of one of the parties in the state does not? If particulars of this nature may constitute a special case, may not the legislature decide as to the degree? When the organic law declares, in emphatic and clear language, that these courts shall have no original civil jurisdiction, except in special cases, something real was designed; and there should be no effort to abrogate the injunction, or to fritter away the constitution while seeming to acquiesce. Full force and effect should ever be given to the constitution *Page 602 
of the state. It is probable that it would be to the advantage of the community to sustain this jurisdiction; but we are not at liberty to consult convenience or even supposed advantage in such a case. Unlike the boasted constitution of the mother country, ours is a written fundamental law, establishing and organizing government, and declaring certain principles or rights, and sustaining and controlling the political condition of the state; and its provisions cannot be disregarded by the legislature or the courts. There is perhaps no fixed legal meaning to the phrase "special cases," per se. It occurs in works on practice; as a "special case" in the nature of a special verdict (Tidd, 808); and under a recent English statute, a "special case" may be made to take the opinion of the court. (3 Chit. G. Pr., 780.) And one of the chapters of the Revised Statutes is entitled, "Of proceedings in special cases," and it includes replevin; but most of it provides for the cases which are really special, or for proceedings which may be deemed special, though incidental to a common law action. (2 R.S., ch. 8.) But the words are used in this case in their ordinary sense, as contra-distinguished from actions; and this is in consonance with the general plan of the judiciary system. I think we cannot sustain the jurisdiction of the inferior court in this case, without violating the spirit of the constitution; and that the judgment should be reversed.
DENIO, JOHNSON, CRIPPEN and DEAN, Js., concurred in reversing the judgment, on the ground that the statute conferring jurisdiction on county courts in actions of assault and battery was unconstitutional.
RUGGLES and MARVIN, Js., took no part in the decision.
Judgment reversed *Page 603